# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS, ) ) ) ) ) ) | District Judge: |
| Plaintiffs, ) ) | Magistrate Judge: |
| vs. ) ) | Case No: |
| JAC MASONRY, INC., ) ) | |
| Defendant. ) ) ) | |

## COMPLAINT

Plaintiffs, the Construction Industry Retirement Fund of Rockford, Illinois and Construction Industry Welfare Fund of Rockford, Illinois, by their attorneys, WilliamsMcCarthy LLP, bring this Complaint against Defendant, JAC Masonry, Inc.

### COUNT I
### (Failure to Pay Contributions to the Funds)

1. Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois and The Construction Industry

Welfare Fund of Rockford, Illinois is administered in Rockford, Illinois (collectively referred to as "the Funds" or "Plaintiffs").

4. The Funds are a multi-employer benefits plan withing the meaning of ERISA. It is established and maintained pursuant to its respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Defendant is engaged in the construction industry and is doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6. Bricklayers and Stone Masons Union Local 6 of Lake County, ("the Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about October of 2002, Defendant entered into a Memorandum of Agreement with the Union, evidence of which is attached hereto and made a part hereof as **Exhibit A**.

8. Under the terms of the Memorandum of Agreement, and the Collective Bargaining Agreement and Trust Agreements incorporated therein (the "Agreements"), Defendant is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9. Under the terms of the Agreements, contributions to the Funds are due on the

15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

10. Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the amounts owed.

11. Under the terms of the Agreements to which Defendant is bound, Defendant is required to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

12. Beginning June 3, 2016 through August 29, 2017, Defendant has failed to report and/or pay contributions and/or liquidated damages owed to the Funds in violation of its contractual obligations and the obligations under State and Federal law (see **Exhibit B** attached hereto and made a part hereof).

13. As a direct and proximate result of Defendant's failure to pay contributions, Defendant's employees are in jeopardy of losing their health and welfare eligibility and benefits.

14. Defendant's actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA. 29 U.S.C. § 185.

15. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements, Defendant is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Defendant, JAC Masonry, Inc., as follows:

(a) Directing Defendant to submit its books and records to an audit on demand by Plaintiffs;

(b) Entering judgment in a sum certain against Defendant on any amount shown due and owing pursuant to the audit, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs;

(c) Enjoining Defendant from violating the terms of the Agreements;

(d) Awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate; and

(e) Ordering Defendant to remain current in payment of all contributions to the Funds.

> THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, Plaintiffs,
> By: WILLIAMSMCCARTHY, LLP
>
> /s/ Troy E. Haggestad
> Troy E. Haggestad (#06229384)
> WILLIAMSMcCARTHY, LLP
> 120 West State Street, Suite 400
> P.O. Box 219
> Rockford, IL 61105-0219
> 815/987-8900

S328/100

# MEMORANDUM OF AGREEMENT

THIS AGREEMENT made and entered into by and between **JAC MASONRY INC. 20397 W. Miller Rd Antioch IL 60002**, its successors and assigns, hereinafter referred to as the "EMPLOYER", First Party, and LOCAL **6**, BRICKLAYERS AND STONE MASONS, hereinafter referred to as the "UNION", Second Party.

THIS AGREEMENT is made in consideration of the mutual promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION.

2. The Parties do hereby adopt the Agreement dated **6-1-2000** by and between the UNION and the NORTHERN ILLINOIS BUILDING CONTRACTORS ASSOCIATION (NIBCA), and the parties do hereby mutually agree to be bound by the terms and conditions of the Agreement, the Health and Welfare Trust, and the Pension Trust, including the per hour contributions provided therein, and the Trust Agreement creating same.

3. This Agreement and the adoption of the Agreement and Trusts referred to in paragraph 2 above, shall be effective as of **Oct 2002**, and remain in effect to and including the expiration date of the Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt any Agreement entered into between the UNION and NIBCA subsequent to the expiration date of the Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

4. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three calendar months prior to the expiration of the Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the _____ day of **Oct**, **2002**.

**JAC MASONRY INC.**
EMPLOYER

By _James Clark_

_President_
TITLE

LOCAL **6**, BRICKLAYERS AND STONE MASONS

By _Edward L Jegland_

BAC Local #6 #1
4477 Linden Rd Ste C
Rockford IL 61109
815 874 1817 Office
815 874 5123 FAX

OFFICE COPY

**EXHIBIT A**

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
1322 EAST STATE STREET SUITE 300
ROCKFORD, IL 61104

815-399-0800

JAC MASONRY INC
242 PARK AVE
LAKE VILLA, IL 60046

Page 1 of 1

7/31/2017

5328

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | DEPOSIT DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|---|---|---|---|---|---|---|---|---|---|
| CIRBCT | CIPN | 04/30/2016 | 06/03/2016 | $80.00 | 10.00 | $8.00 | | | |
| CIRBCT | CIWFR | 04/30/2016 | 06/03/2016 | $72.40 | 10.00 | $7.24 | | | |
| CIRBCT | CIPN | 07/31/2016 | 09/09/2016 | $2,415.00 | 10.00 | $241.50 | | | |
| CIRBCT | CIWFR | 07/31/2016 | 09/09/2016 | $2,270.10 | 10.00 | $227.01 | | | |
| CIRBCT | CIPN | 08/31/2016 | 09/27/2016 | $80.00 | 10.00 | $8.00 | | | |
| CIRBCT | CIWFR | 08/31/2016 | 09/27/2016 | $75.20 | 10.00 | $7.52 | | | |
| CIRBCT | CIPN | 11/30/2016 | 12/28/2016 | $9,825.00 | 10.00 | $982.50 | | | |
| CIRBCT | CIWFR | 11/30/2016 | 12/28/2016 | $9,235.50 | 10.00 | $923.55 | | | |
| | | | **Totals** | | | **$2,552.74** | **$147.42** | | |
| | | | **Total Due upon Receipt** | | | **$2,405.32** | | | |

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you


EXHIBIT B